## 9622

### GRIGGS *ET AL.* v. GRAVES.

(91 S. E. 319.)

LOGS AND LOGGING—CONRTACTS—CONSTRUCTION—ACTIONS—INSTRUCTION.
—In an action of claim and delivery for a sawmill, where the controversy was as to amount due, under the contract defendant was entitled to compensation for boards manufactured and delivered at designated points, and for the cutting and hacking of lumber for plaintiffs, it was improper to restrict his claim for compensation to boards manufactured.

Before BOWMAN, J., Cheraw, July, 1915.    Reversed.

Action by T. G. Griggs and J. J. Griggs, partners, trading as Griggs Bros., against D. L. Graves.    From a judgment for plaintiffs, defendant appeals.

*Mr. Geo. K. Laney,* for appellants.

*Messrs. R. T. Caston* and *Stevenson & Prince,* for respondent.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action in claim and delivery. The plaintiffs claim to be the owners of a certain sawmill and appurtenances, in the possession of the defendant, under the following contract:

"This agreement by and between T. G. Griggs, for Griggs Bros., parties of the first part, and D. L. Graves, party of

the second part, witnesseth : That D. L. Graves, the second party, has this day released unto Griggs Bros. a certain sawmill, boiler and engine, and all the sawmill fixtures which he owns or controls at this time, released to the said Griggs Bros. until he shall pay to the said Griggs Bros. the sum of $600.00, with interest at 8 per cent. per annum.   It is further agreed by the parties that the said D. L. Graves is to cut lumber for Griggs Bros. and move from place to place, as Griggs Bros. shall designate, and shall cut and hack the lumber so cut; Griggs Bros. to furnish the timber and to pay D. L. Graves the sum of $5.00 per thousand cash for the lumber so sawed at the time of sawing, the remainder of whatever is earned to be placed on the $600.00 mentioned above, and to be figured for the set now being sawed at the rate of $9.00, less stumpage and hauling—hereafter the price to be $5.50 for the sawing; Griggs Bros. furnishing the timber and doing the delivering of the lumber.   It is further understood that D. L. Graves shall have until January 1, 1914, to pay the $600.00 above mentioned.   (Griggs Bros. further agrees to pay D. L. Graves $12.00 per thousand feet for all the No. 1, 2 and 3 boards they make at present location, delivered f. o. b. cars Ruby or Mt. Croghan, S. C., as Griggs Bros. may direct.) And if he fail to do so, it is a part of this agreement that unless D. L. Graves shall pay the said sum of $600.00 by January 1, 1914, the said sawmill, boiler and engine and fixtures shall become the property of Griggs Bros., and they witness our hands and seals this January 23, 1913."

The execution of the contract was not denied.   The controversy was as to the amount due, and that to be determined by the quantity of lumber delivered.

In charging the jury, his Honor, the trial Judge, said :

"I am also requested, gentlemen, to charge you, and I do charge you, that the contract in this case provides for delivery of the lumber at Ruby, or Mt. Croghan, and defendant can only charge plaintiffs with such as was delivered to such

points to the plaintiffs. That is the contract, and it is in writing, and there can be no dispute about it, and I charge you that."

A careful reading of the contract shows that a part of the lumber was to be "hacked" by Graves; "Griggs Bros. furnishing the timber and doing the delivering of the lumber." The 1, 2, and 3 boards were to be delivered by Graves at Ruby and Mt. Croghan. This charge eliminated all but the 1, 2, and 3 boards, and was error.

The judgment is reversed, and the case remanded for a new trial.